Lafitte vs. Lawton.

---

DAVID M. LAFITTE, Plaintiff in error, vs. ALEXANDER B. LAWTON, defendant in error.

[1.] Marriage settlements, when there is any doubt in regard to their construction, must be expounded so as to give effect to the intention of the parties, and the word "issue" is often used as a word of purchase, and must be frequently so interpreted.

[2.] A marriage settlement was entered into between A. B. L., the husband, and M. E. B., the wife, by which the wife's property was conveyed to a trustee upon the following trusts, to-wit: 1st. A. B. L. is to be permitted to have, receive, take and enjoy the interest and profits to and for the joint use, benefit and support of the said A. B. L. and M. E. B., the intended wife, and the issue of the marriage (if they should be blessed with any,) during the life of the said A. B. L.   2d. After the death of the said A. B. L., the trustee to hold the trust for and to the use, benefit and support of the said M. E. B. (should she survive him) and the issue of her body by the said contemplated or any future marriage (if she should be blessed with any) during the life of the said M. E. B.   3d. After the decease of the said M. E. B., the trustee to hold in trust for and to the use, and support, and benefit of the issue of the body of the said M. E. B. by the said contemplated or any future mar-

riage, if she should be blessed with any.  M. E. B. died in the lifetime of A. B.
L.  There were issue of the marriage.
*Held*, that the issue of the marriage took the whole of the estate subject to the inte-
rest of A. B. L. as expressed in the settlement.

Injunction, from Thomas county.  Decided by Judge
Love at Chambers, 25th January, 1858.

The questions in this case arose upon the construction of
a marriage settlement executed in South Carolina in con-
templation of the marriage of Alexander B. Lawton and
Mary Elizabeth Brisbane on the 20th day of May, 1829.
By this settlement, certain property therein described was
vested in Wm. H. S. Brisbane, his executors, administrators
and assigns, upon certain trusts, of which the following only
are material to the present case.  " That is to say, in trust for
the said Mary E. Brisbane until the solemnization of the
said intended marriage, and from and immediately after the
solemnization of the said intended marriage then in trust,
that he, the said Wm. H. Brisbane (trustee) his executors, ad-
ministrators and assigns shall and do permit the said Alex-
ander B. Lawton to have, receive, and take and enjoy all
the interests and profits of the said property to and for the
joint use, benefit and support of the said Alexander B. Law-
ton and Mary E. Brisbane, his intended wife, and the issue
of their marriage (if they shall be blessed with any) during
the life of the said Alexander B. Lawton, and after his de-
cease, in trust for and to the use, benefit and support of the
said Mary Elizabeth Brisbane (should she survive him) and
the issue of her body by the said contemplated or any future
marriage (if she should be blessed with any) during the life
of the said Mary Elizabeth Brisbane, and after her decease
in trust for and to the use, support and benefit of the issue of
the body of the said Mary Elizabeth Brisbane by the said
contemplated or any future marriage."

Mary Jane Lawton, a child of this marriage, intermarried
with David M. Lafitte, and after the death of her mother

had a child and died.   Shortly after this child died in infancy, leaving its grand-father, the said Alexander B. Lawton, and its father, D. M. Lafitte, surviving.

The bill in this case was filed by D. M. Lafitte against Alexander B. Lawton for an account and payment of the accumulated rents and profits of one-third part of the trust property which had accrued since the death of the said Mary E. Lawton, and also claiming to receive for the future the annual rents and profits of the said one-third part of said trust property, till the death of the said Alexander B. Lawton, and also for an injunction restraining the said Alexander B. Lawton from selling or removing the trust property, claiming a remainder in fee to one-half of the same, after the death of the said Alexander B. Lawton.

The complainant, by his bill, also stated that there were two children of the marriage living at the time of the decease of the said M. E. Brisbane, and charged that the said A. B. Lawton had several times endeavored and threatened to sell the trust property.

The Court below refused to grant the injunction on two grounds :

1st.  Because " the equities in said bill are uncertain."

2d.  Because " even if the equities are certain, the allegations in said bill are insufficient to authorize the extraordinary process of injunction."

To these rulings of the Court, complainant's counsel filed his bill of exceptions, saying that the Court erred:

1st. In refusing said injunction."

2d.  In ruling that the equities in said bill are uncertain.

3d.  In ruling " that even if the equities are certain, the allegations are not sufficient to authorize an injunction."

EUGENE H. HINES appeared for the plaintiff in error.

A. R. LAWTON, contra.

Lafitte vs. Lawton.

*By the Court.*—McDONALD J. delivering the opinion.

Whether the Court ought to have granted to the complainant the remedy by injunction, depends on the construction which ought to be placed on the marriage settlement; for if he has rights under that settlement, which entitled him to a future enjoyment of the property, or a part of it, the allegations in the bill of the defendant's appropriation of the property to his own use, a sale of part of it and threats to sell more, and denying the complainant's right, are sufficient to entitle him to an injunction, and the Court below ought to have awarded it.

[1.] This contract having been made in South Carolina by parties residing there at the time, it must be construed according to the laws of that State, though we do not say that it would be subject to a different interpretation if it had been executed in this State by parties resident here. Our first duty is to affix a meaning to the term "issue," as used in the marriage settlement. It occurs in four different places. The word "issue," in *legal* construction, is a word of purchase. *Fearne on Rem.*, 106. It is a less technical expression than heirs of the body, but it is often a word of limitation, and sometimes it cannot be otherwise construed. The terms "heirs of the body" have been held, in South Carolina, to be words of purchase, when used in a marriage settlement.

The Court in that case said that "it being a case of marriage settlement, makes it a strong case in favor of children who are deemed purchasers for valuable consideration." *Garner vs. executors of Garner*, 1 *Dess. Rep.* 437, 444. In the case of *Doe ex dem Cooper vs. Collis*, Lord Kenyon said "that in a will, issue is either a word of purchase or of limitation, as will best answer the intention of the devisor, though in the case of a deed it is universally taken as a word of purchase." 4 *Term Rep.* 299. "In marriage settlements the most favorable exposition of words will be made to support the intention of the parties." 2 *Dessaus*

*Rep.* 125, 126. " Marriage is the highest consideration ; provision for the children is the immediate object of settlements, and is intended as an effectual provision. The issue are purchasers for a valuable consideration." 1*st Dess. Rep.* 443. The word issue in the instrument under consideration, in the three places in which a benefit is secured to them, is a word of purchase. Alexander B. Lawton having survived his wife, the subsequent trusts for her and for the possible issue of any future marriage need not be considered, except as auxiliaries in interpreting the settlement.

[2.] The legal interest and estate in all the property and choses in action, the subjects of the trust were conveyed to William H. Brisbane. He was to permit the said Alexander B. Lawton, after the solemnization of the marriage, to have, receive, take and enjoy all the interests and profits of the said property to and for the joint use, benefit and support of the said Alexander B. Lawton and Mary Elizabeth Brisbane (the wife) and the issue of their marriage (if they should be blessed with any) during the life of the said Alexander B. Lawton. The trustee was to permit Lawton, during his life, to receive the interest and profits, not to his own use, but to the *joint* use, benefit and support of himself, wife and the issue of the marriage, if any. The death of the wife, in the lifetime of the husband, could not divest the issue of the marriage of their interest under the terms of the settlement, nor enlarge the interest of Lawton into a fee for a part or the whole of the property. His interest remained the same, unaffected by that event.

Had Lawton, the husband, died, leaving his wife surviving him, the trust was to remain for the use, benefit and support of the wife and her issue by her first or any other marriage ; and lastly, after her death, for the use and support and benefit of the issue of the body of the wife by any marriage. Looking through the whole instrument, it was clearly the intention of the parties, that the parents respectively should have an usufructuary interest in the prop-

erty during their lives, if there were issue of the marriage, jointly with the children, and that there was no such limit to the interest of the children. Provision for the children was the immediate object of this settlement, and it was intended as an effectual provision.

If there had been no issue of the marriage, the marital right of the husband would have attached to all that part of the property not effectually limited over; but the provision for the children bars that right of the husband. It is his agreement that it should do it, and the property vested in them subject to the interest of the husband, as expressed in the deed of settlement. I acknowledge that I had some doubt on the terms of this settlement and the facts of this case, if the subsequent provisions of the deed, even by aiding in ascertaining the intention of the parties, could prevent the husband from sharing the property with the issue of the marriage; but I yielded that to the strong conviction of my brethren, that the husband could not take more than a life interest in the property, and that to be shared with the issue of the marriage.

The children do not claim, as contended for by plaintiff in error, *through* the husband. The entire property proceeded from the wife. She did not secure more than a life interest in it to herself, and she could not have intended a greater for her husband. On this application for an injunction, the facts of the bill must be taken as true, and they are quite sufficient to entitle the complainant to it. If he proceeds with his cause, however, he must take out administration on the estate of his deceased wife.

Judgment reversed.